UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| McSHEVENS PIERRE-LOUIS, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 17-cv-10439-IT |
| | * | |
| KELLY RYAN, | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM & ORDER

August 28, 2019

TALWANI, D.J.

Petitioner McShevens Pierre-Louis[1] filed this petition for a writ of habeas corpus seeking reversal of his conviction, and later sought to hold his petition in abeyance. For reasons set forth below, the court DENIES Petitioner's Petition for a Writ of Habeas Corpus [#1] and Motion to Hold Habeas Corpus Petition in Abeyance [#19].

I.  Background

Petitioner was convicted by a jury on May 10, 2013, of two counts of armed robbery while masked, and one count of conspiracy to commit masked armed robbery. Pet. for Habeas Corpus at 1 [#1]. He is currently incarcerated at MCI Shirley, where he is serving a sentence of 12 to 15 years incarceration. Id.; Am. Mem. in Supp. of Pet. For Habeas Corpus at 1 ("Pl.'s Am. Mem.") [#17].

Following his conviction, Petitioner appealed to the Massachusetts Appeals Court ("MAC"). See Commonwealth v. Pierre-Louis, 88 Mass. App. Ct. 1108, 2015 WL 5944438

---

[1] The Petitioner's name appears as "McShevens Pierre-Louis" in all of the state court records, but the habeas petition was filed under the name "Pierre-Louis McShevens."

(Oct. 14, 2015). On October 14, 2015, the MAC upheld Petitioner's conviction. Id. at *3. Petitioner filed a timely application for leave to obtain further appellate review ("ALOFAR"), which was denied on March 3, 2016. Pet. for Habeas Corpus, Att. 1, Motion for Leave to File Late Further Appellate Review [#1-1]; Pet. for Habeas Corpus, Att. 1, Notice of Denial of Application for Further Appellate Review [#1-1]. On March 10, 2017, Petitioner filed the instant petition for a writ of habeas corpus.

II.     Discussion

On appeal to the MAC, Petitioner argued that the evidence presented at trial was insufficient to establish him as one of the perpetrators, that the trial judge abused her discretion by failing to give a full Telfaire-Rodriguez jury instruction alerting jurors to the possibility of a mistaken witness identification, and that the trial judge erred in allowing expert testimony regarding Petitioner's DNA. Pierre-Louis, 2015 WL 5944438, at *1. The petition for habeas relief asserts two of the claims previously presented to the MAC: first, that habeas relief is proper because the evidence presented at his trial was insufficient to establish proof beyond a reasonable doubt of his guilt, Pl.'s Am. Mem. at 3 [#17]; and second, that the trial judge abused her discretion by failing to give a Telfaire-Rodriguez instruction. Id. at 5.

A.     Exhaustion

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), an application for a writ of habeas corpus will not be granted on behalf of a person in custody pursuant to the judgment of a state court "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that, before seeking habeas relief, a petitioner present, or do his best to present, the substance of a federal habeas claim "fairly and recognizably" to the state's highest tribunal.

Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997); see Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (internal citation omitted). "A claim is fairly presented so long as it is made in such a way that 'a reasonable jurist' would have recognized 'the existence of the federal question.'" Josselyn v. Dennehy, 475 F.3d 1, 3 (1st Cir. 2007) (quoting Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000)). "This means that 'the legal theory [articulated] in the state and federal courts must be the same.'" Clements, 485 F.3d at 162 (alteration in original) (quoting Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987)).

    B.    *Insufficiency of Evidence*

Petitioner has exhausted his claim of insufficiency of evidence. He raised the claim during his initial appeal before the MAC. Pierre-Louis, 2015 WL 5944438, at *1. After his conviction was affirmed by the MAC, he raised the claim in his ALOFAR with the Supreme Judicial Court, which was denied. Commonwealth v. McShevens Pierre-Louis, 473 Mass. 1112 (Mar. 3, 2016). Because this claim has been presented at every level of the state court system, and has been exhausted, the court may consider its merits.

A federal court can grant habeas relief from a state conviction only when the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). Under clearly established Federal law, "proof of a criminal charge beyond a reasonable doubt is constitutionally required." In re Winship, 397 U.S. 358, 362 (1970).

The reviewing court does not ask "whether the evidence was constitutionally sufficient," but only "whether the state court's ruling that the evidence is constitutionally sufficient was itself 'unreasonable.'" Winfield v. O'Brien, 775 F.3d 1, 8 (1st Cir. 2014) (quoting 28 U.S.C. § 2254(d)(1)). A court evaluating such a habeas petition must review all facts in the light most

favorable to the prosecution and ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). "In conducting its review of a state-court conviction for evidentiary sufficiency, a habeas court may not freely reweigh competing inferences but must accept those reasonable inferences that are most compatible with the jury's verdict." Magraw v. Roden, 743 F.3d 1, 7 (1st Cir. 2014).

Here, Petitioner argues that the evidence presented in his criminal trial was insufficient to identify him as a perpetrator, and therefore no rational trier of facts could have found the essential elements of the offense beyond a reasonable doubt. Pl.'s Am. Mem. at 3 [#17]. He argues that no witnesses identified him as present at the crime scene during the night in question, and the sole piece of evidence linking him to the crime was a T-shirt containing his DNA found near the store, which he asserts is not enough to prove his guilt beyond a reasonable doubt. Id. at 4-5. Respondent argues that, under the highly deferential standard of review governing habeas petitions, this court should defer to the MAC in its rejection of Petitioner's "insufficient evidence" claim. Resp't's Mem. of Law ("Resp't's Mem.") at 6-9 [#18]. Respondent contends that the MAC's conclusion that sufficient evidence had been presented to support a conviction was not unreasonable, nor contrary to precedent, and therefore should be upheld. Id. at 12.

In reviewing Petitioner's case, the MAC considered the "insufficient evidence" claim carefully. Pierre-Louis, 2015 WL 5944438, at *1-2. Although "[a] fingerprint or DNA found at a crime scene is not sufficient evidence by itself to sustain a conviction," the MAC considered the totality of the case, and found that "the evidence reasonably excluded the possibility that the defendant left his T-shirt outside the store at another time." Id. at *1. Petitioner's conviction was also based on circumstantial evidence – including that the store robbed was a CostCo from which

4

Petitioner had been fired approximately three months prior, by one of the two managers who happened to be on duty the night of the robbery, and that the masked robbers had inside knowledge of the store's procedures, such as when the security guard left the premises after closing, when and where the managers would exit the store, and where the cash receipts and jewelry were secured overnight. Id. Because the MAC applied the Jackson standard appropriately, and a rational trier of fact could have found beyond a reasonable doubt that Petitioner committed the offenses for which he is currently incarcerated, Petitioner's claim that insufficient evidence existed for his conviction must fail. See Jackson, 443 U.S. at 319, 324; Pierre-Louis, 2015 WL 5944438, at *2.

      C.     *Telfaire-Rodriguez Instructions*

Petitioner also seeks habeas relief on the independent grounds that the trial judge erred by not giving a Telfaire-Rodriguez instruction to the jury upon the request of his counsel. Pl.'s Am. Mem. at 5 [#17]. Petitioner raised this claim during his initial appeal before the MAC, and again in his ALOFAR with the Supreme Judicial Court. This instruction, originally adopted by the D.C. Circuit in United States v. Telfaire, 469 F.2d 552 (D.C. Cir. 1972) and applied by the Supreme Judicial Court of Massachusetts in Commonwealth v. Rodriguez, 378 Mass. 296 (Mass. 1979), alerts jurors to the possibility of a honestly mistaken identification by a witness. See Telfaire, 469 F.2d at 558. Petitioner claims that the judge erred in delivering an "abridged" version of this instruction that "did not fully alert the jury that there might have been a mistaken identity in this case." Pl.'s Am. Mem. at 5 [#17]. Respondent contends first that this claim is based only on state law, and therefore cannot be heard as part of a federal habeas petition; second, that Petitioner's failure to object to these jury instructions at time of trial causes this claim to be procedurally barred; and third, that these instructions did not violate due process

5

principles when delivered in a case with no eyewitnesses. Resp't's Mem. at 15 [#18].

The court need only address the first of these arguments. For habeas relief under § 2254 to be appropriate, the petitioner's challenge must be governed by "clearly established federal law." Brown v. Ruane, 630 F.3d 62, 68 (1st Cir. 2011) ("A threshold determination that no holding of the Supreme Court required application to the factual context presented by the petitioner's claim is dispositive in the habeas analysis.").

While the instructions in Telfaire have been adopted by Massachusetts state courts as well as several other jurisdictions, there is no clearly established Federal law requiring such an instruction. See Payne v. Commonwealth, 776 S.E.2d 442, 448 (Va. App. Ct. 2015) ("The United States Supreme Court has never held that an instruction like the one proffered by [the defendant] is constitutionally required."); see also Carey v. State of Maryland, 617 F.Supp. 1143, 1147 (D. Md. 1985) ("Those federal Circuits which have adopted the Telfaire instruction have done so not on the basis of due process, but rather in the exercise of supervisory power over the administration of criminal justice in the United States District Courts"). Even if the SJC has mandated the use of this instruction, "improper jury instructions [generally] will not form the basis for federal habeas relief" under Section 2254. See Hardy v. Maloney, 909 F.3d 494, 499 (1st Cir. 2018) (quoting Niziolek v. Ashe, 694 F.2d 282, 290 (1st Cir. 1982)). Accordingly, the trial judge's failure to give a Telfaire-Rodriguez instruction cannot form the basis of a federal habeas petition. See Estelle v. McGuire, 502 U.S. 62, 71-72 (1991).

III.   Additional Claims

In June 2018, Petitioner filed a Motion to Hold Habeas Corpus Petition in Abeyance [#19] so that he could pursue and exhaust state remedies as to three additional unexhausted claims: two based on ineffective assistance of counsel and one based on prosecutorial

misconduct. Mot. to Hold Habeas Pet. in Abeyance at 2 [#19]. After Respondent opposed the motion, see Opposition to Motion to Hold Habeas Corpus Petition in Abeyance [#20], asserting that Petitioner failed to show good cause for a stay, Petitioner filed a Motion for Extension of Time to File Reply [#21]. On March 18, 2019, the court granted Petitioner 28 days to file a reply, ordering Petitioner to inform the court what steps he has taken to raise state claims, the status of any pending cases, and why he was unable to assert these claims in state court before filing his habeas petition. Order Allowing Mot. for Extension of Time [#22]. To date, Petitioner has not filed a response.

To avoid a potentially meritorious claim from being barred by the statute of limitations, courts may stay a pending habeas petition to allow the Petitioner to exhaust all claims. Rhines v. Weber, 544 U.S. 269, 275 (2005). "Stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines, 544 U.S. at 277. On the other hand, "the district court would abuse its discretion if it were to grant [petitioner] a stay when his unexhausted claims are plainly meritless." Id. "[I]f a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." Id. at 278.

Here, Petitioner has failed to assert good cause for a stay and abeyance. He has not explained why he did not previously raise his claims in state court, nor does he establish that any such claims are potentially meritorious. Mot. to Hold Habeas Pet. in Abeyance at 2 [#19]; see, e.g., Watt v. Marchilli, 217 F. Supp. 3d 434, 441 (D. Mass. 2016) ("[Petitioner] has not included the factual underpinnings of his . . . claim in his Petition, and for that reason, the Court cannot evaluate whether he has been dilatory with respect to pursuing the claim in state court."). Petitioner's failure to file a reply brief – a full year after his Motion for Extension of Time [#21]

– or to explain his delay to the court, further suggests an inability to show good cause for failure to timely raise these issues in state court.

To the extent that Petitioner seeks leave to amend his Petition [#1] to add these claims, leave is denied. While leave to amend should be granted "when justice so requires," Fed. R. Civ. P. 15(a)(2), the court need not grant leave to amend if the amendment would be futile. Foman v. Davis, 371 U.S. 178 (1962). Based on the record before the court, the additional claims noted above are unexhausted. As the court has determined that a stay is not warranted, allowing this amendment would be futile.

IV.     Conclusion

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus [#1] and Motion to Hold Habeas Corpus Petition in Abeyance [#19] are hereby DENIED. To the extent that Petitioner seeks leave to amend his Petition to add in claims of ineffective assistance of counsel and prosecutorial misconduct, leave is denied as futile.

IT IS SO ORDERED.

August 28, 2019                                        /s/ Indira Talwani
                                                       United States District Judge